IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD FRANZ,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

        Defendant.

Case No. 3:14-cv-00065-MA

ORDER FOR ATTORNEY FEES

MARSH, Judge

    Plaintiff Gerald Franz brought this action seeking review of the Commissioner's decision to deny his application for supplemental security income disability benefits. In a February 11, 2015 Opinion & Order, I reversed the Commissioner's decision and remanded the case for an immediate calculation and award of benefits. See Opinion and Order (ECF No. 21).

    Following plaintiff's unopposed application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, I I entered an order awarding plaintiff $5,979.60 in fees in this matter. See Order for EAJA Fees (ECF No. 26). In a prior court appeal of this same case, Judge Simon entered an order awarding

1 - ORDER FOR ATTORNEY FEES

plaintiff $4,678.25 in fees following a stipulated remand order for further proceedings. *See Franz v. Comm'r Soc. Sec. Admin,* Case No. 6:11-cv-00340-SI (ECF No. 23) & (ECF No. 28). In total, plaintiff has been award $10,657.85 in EAJA fees.

Plaintiff's attorney, Tim Wilborn, now seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,529.48. Although the Commissioner does not oppose the motion, he objects to the calculation of the EAJA fee offset. For the reasons that follow, plaintiff's motion is GRANTED in part and DENIED in part.

**STANDARD**

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

2 - ORDER FOR ATTORNEY FEES

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009)(en banc)(quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

## DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and Attorney Wilborn are within the statutory limits of § 406(b). The $24,529.48 in attorney fees Wilborn seeks amounts to 25 percent of the retroactive benefits awarded to Plaintiff. *See* Motion for Approval of Attorneys Fees (ECF No. 27), Ex. 1 at 1.

I have reviewed the record in the case, the motion, as well as the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, I find the requested fees reasonable. There is no indication that Attorney Wilborn was either ineffective or dilatory, and he achieved a

3 - ORDER FOR ATTORNEY FEES

favorable result for plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Wilborn, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified.

In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, I find that plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

Although Attorney Wilborn has received a total of $10,657.85 in fees previously awarded under EAJA, Attorney Wilborn presents a novel argument that the correct EAJA fee offset is $10,265.16. Attorney Wilborn contends that 2.1 hours of the EAJA fees were expended on filing an application for fees under EAJA ("EAJA litigation")[1] as opposed to fees for work performed on the case ("merits litigation"). Thus, Attorney Wilborn asserts that these 2.1 hours should not be included in the EAJA fee offset calculation because § 406(b) fees may be payable only for work performed under Title 42, not under Title 28 EAJA. *See* Motion for Attorneys Fees (ECF No. 27) at 5, n.5. Wilborn further asserts that there is no provision in § 406(b) to compensate an attorney for hours expended litigating a Title 28 EAJA claim. These arguments lacks merit.

---

[1] The prior applications for EAJA fees involved stipulated applications. *See Franz*, Case No. 6:11-cv-00340-SI (ECF No. 28) & 3:14-cv-00065-MA (ECF No. 26).


4 - ORDER FOR ATTORNEY FEES

"Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and § 2412. However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). "Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset *all EAJA awards* against the § 406(b) award." *Id.* at 1221 (emphasis added).

As the Commissioner correctly argues, the EAJA savings provision does not make a distinction with regard to fees based on "merits litigation" and "EAJA litigation." With respect to the offset requirement, the EAJA savings provision does not provide an exemption for fees billed in filing for EAJA fees. *Parrish*, 698 F.3d at 1219. The language and intent of the EAJA savings provision clearly indicate that an attorney may not receive duplicate fees under both statutes for the same work. See H.R. Rep. No. 99-120, 1st Sess. 1985, *as reprinted in* 1985 U.S.C.C.A.N. 132, 149 ("the bill also prohibits attorneys from collecting both EAJA fees and Sec. 406(b) fees in the same case"); *see also* 99 Stat. 183 (1985). Because Attorney Wilborn has already received payment under EAJA for the work at issue, his attorney fee award under § 406(b)

5 - ORDER FOR ATTORNEY FEES

requires offset of his *entire* EAJA fee award to avoid double compensation.

Contrary to Attorney Wilborn's argument, the language of the EAJA Savings provision does not distinguish an EAJA fee award from the fees an attorney may receive for filing for EAJA fees. While the Supreme Court has held that a plaintiff's attorney is entitled to fees for services rendered in applying for EAJA fees, the Court specifically noted that "the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990); *see also Sullivan v. Hudson*, 490 U.S. 877, 888 (1989)(fees "should be considered part and parcel of the action for which fees may be awarded"). In this case, Attorney Wilborn's § 406(b) fees are subject to offset by the entire EAJA award, including fees billed in applying for EAJA fees, because it constitutes the "same work."

Accordingly, the requested fees of $24,529.48 under § 406(b) must be reduced by the entire amount of EAJA fees received in this case, $10,657.85. Therefore, the Commissioner is directed to send plaintiff's attorney $13,871.63, less any applicable processing fees as allowed by statute.

## CONCLUSION

For these reasons, Plaintiff's Motion for Attorney's Fees (No. ECF. 27) pursuant to 42 U.S.C. § 406(b) in the amount of $13,871.63 is GRANTED.

IT IS SO ORDERED.

DATED this __17__ day of August, 2015.

_____
Malcolm F. Marsh
United States District Judge